NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1330

COMMONWEALTH

vs.

YVELON MADELON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Superior Court judge's order denying his motion to vacate the global positioning system (GPS) monitoring condition of his probation.  We affirm.

Discussion.  The defendant was convicted of indecent assault and battery on a child, posing a child in the nude, and attempting to pose a child in the nude.  He was sentenced to a seven-to-nine-year term of imprisonment, followed by five years of probation.  Among the conditions of probation imposed at the time of sentencing, the defendant was ordered to have no contact with the victim of the crimes and to be subject to GPS monitoring "as required by statute."  The following month, the Supreme Judicial Court held that the statutorily required

imposition of GPS monitoring on defendants convicted of sexual offenses was overinclusive and that such defendants were entitled to an individualized determination of whether GPS monitoring is reasonable before imposition of the condition. See Commonwealth v. Rodriguez, 494 Mass. 723, 724 (2024), citing Commonwealth v. Feliz, 481 Mass. 689, 690-691 (2019), S.C., 486 Mass. 510 (2020).

With his release from prison approaching, the defendant moved to vacate the GPS monitoring requirement of his probation. The same judge who had initially imposed the GPS condition heard and denied the motion. In her memorandum of decision, the judge noted that the defendant had not contacted the victim since sentencing but that the victim attended college locally and wished to keep her whereabouts unknown to the defendant. Although the defendant had no prior history of sexual offenses, he did have a juvenile adjudication for manslaughter, a violation of probation, and restraining orders against him obtained by five separate women. He was also designated a level two sex offender by the Sex Offender Registry Board.

Acknowledging that there was no exclusion zone to enforce, the judge determined that the GPS condition nevertheless advanced the Commonwealth's interests in rehabilitation and protection of the public and that those interests outweighed the

2

defendant's privacy interest.  She therefore concluded that the GPS condition was reasonable.

On appeal, the defendant argues that the judge abused her discretion in denying the motion.  "Although ordinarily we review a judge's decision on a motion to vacate a condition of probation for an abuse of discretion, . . . we conduct an independent review where, as here, the judge's decision was based on a constitutional determination." Commonwealth v. Roderick, 490 Mass. 669, 673 (2022).  In assessing reasonableness, we must determine whether the government's interest in imposing GPS monitoring outweighs the privacy intrusion occasioned by GPS monitoring.  See Feliz, 481 Mass. at 701.

The Commonwealth identifies public safety, punishment, deterrence, and the need to investigate future offenses as valid governmental interests advanced by the GPS requirement.  See Feliz, 481 Mass. at 707 (protection of public); Commonwealth v. Johnson, 481 Mass. 710, 719, cert. denied, 140 S. Ct. 247, 205 L. Ed. 138 (2019) (deterring criminal activity and detecting such criminal activity if it occurs).  Although the absence of an exclusion zone somewhat limits the utility of GPS as a public safety tool, it can still work to protect the public:  the defendant may be deterred from criminal conduct, knowing that his whereabouts are being monitored; crimes may be investigated

3

and solved by reviewing recordings of the defendant's movements. See Johnson, 481 Mass. at 719. The fact that the GPS may not be able to alert authorities to any violation of the no contact order, given the absence of an exclusion zone, does not negate its usefulness altogether. See Feliz, 481 Mass. at 701 (because reasonableness depends on totality of circumstances, no single factor may be dispositive).

Given the defendant's danger to the public, as evidenced by his prior record of criminal conduct, probation violation, restraining orders, and his classification as a level two sex offender, imposition of a GPS requirement is reasonable in this case. See Rodriguez, 494 Mass. at 735 (government has valid interest in deterrence and investigation where defendant presents considerable risk of reoffending).

Order denying motion to vacate GPS monitoring as a condition of probation affirmed.

By the Court (Neyman, Singh & Toone, JJ.[1]),

Clerk

Entered: April 7, 2025.

---

[1] The panelists are listed in order of seniority.

4